KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kristopher B. Kastens (SBN 254797)
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Tel: (650) 752-1700
Fax: (650) 752-1800
Email: kkastens@kramerlevin.com

*Attorneys for Petitioner
Centripetal Networks, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In the Matter of the Application of CENTRIPETAL NETWORKS, LLC, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for Use in Foreign Proceedings, Pursuant to the Federal Rules of Civil Procedure, from Respondent Cisco Systems, Inc., | Case No.<br><br>***EX PARTE* MOTION AND APPLICATION FOR DISCOVERY IN AID OF FOREIGN LITIGATION PURSUANT TO 28 U.S.C. § 1782** |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. THE PARTIES ....................................................................................................................... 1

III. JURISDICTION AND VENUE ............................................................................................ 2

IV. BACKGROUND ................................................................................................................... 2

    A. Centripetal Networks ................................................................................................ 2

    B. Cisco Systems .......................................................................................................... 2

    C. The German Litigation ............................................................................................. 2

V. ARGUMENT ........................................................................................................................ 5

    A. Centripetal Satisfies Section 1782's Statutory Requirements ................................. 5

    B. The Supreme Court's *Intel* Factors Favor Granting Centripetal's Application ............................................................................................................... 6

        1. The Düsseldorf Appellate Court Cannot Order Cisco To Produce The Requested Discovery .................................................................... 7

        2. Centripetal Seeks Highly Relevant Information That Will Assist The Düsseldorf Appellate Court ................................................................... 8

        3. German Law Does Not Bar Centripetal's Requested Discovery ............... 10

        4. Centripetal's Requested Discovery Is Narrowly Tailored And Does Not Impose An Undue Burden On Cisco ................................................... 11

    C. The Proposed Protective Order Resolves Any Confidentiality Concerns Regarding Cisco's Source Code ............................................................................. 12

VI. PRAYER FOR RELIEF ..................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Micro Devices, Inc. v. Intel Corp.*,
   No. 01-7033, 2004 WL 2282320 (N.D. Cal. Oct. 4, 2004) ...................................................... 9

*In re Apple Retail UK Ltd.*,
   No. 20-mc-80109, 2020 WL 3833392 (N.D. Cal. July 8, 2020) ........................................... 11

*In re Barnwell Enters. Ltd.*,
   265 F. Supp. 3d 1 (D.D.C. 2017) ..................................................................................... 9, 10

*Bitwallet Pte. Ltd. v. Meta Platforms*,
   No. 22-mc-80182, 2023 WL 1111505 (N.D. Cal. Jan. 30, 2023) ................................ 6, 10, 11

*In re Bureau Veritas*,
   No. 22-mc-80132, 2022 WL 3563773 (N.D. Cal. Aug. 17, 2022) ........................................... 7

*Centripetal Networks, Inc. v. Cisco Systems, Inc.*,
   492 F. Supp. 3d 495 (E.D. Va. 2020), *vacated and remanded on procedural grounds*, 38 F.4th 1025 (Fed. Cir. 2022) ......................................................................... 4, 8

*Cisco Systems, Inc. v. Dexon Computer, Inc.*,
   No. 20-cv-04926, 2021 WL 5848080 (N.D. Cal. Dec. 9, 2021) .............................................. 5

*Cryolife, Inc. v. Tenaxis Med., Inc.*,
   No. 08-05124, 2009 WL 88348 (N.D. Cal. Jan. 13, 2009) ........................................... 6, 8, 10

*Edwards v. Alorica, Inc.*,
   No. 19-2124, 2020 WL 2303089 (C.D. Cal. Feb. 26, 2020) .................................................. 2

*In re Escallón*,
   323 F. Supp. 3d 552 (S.D.N.Y. 2018) .................................................................................. 11

*In re Gemeinshcaftspraxis Dr. Med. Schottdorf,*
   No. 19-88, 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006,) ...................................................... 9

*In re Grupo Qumma, S.A. de C.V., No. 8-85,*
   2005 WL 937486 (S.D.N.Y. Apr. 22, 2005) ........................................................................... 6

*Hanwa Am. Corp. v. Telling Indus., LLC*,
   No. 16-cv-01995, 2017 WL 3082222 (C.D. Cal. Jan. 23, 2017) ............................................ 2

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
   633 F.3d 591 (7th Cir. 2011) ................................................................................................ 11

ii

*EX PARTE* MOTION AND APPLICATION
FOR DISCOVERY

*Illumina Cambridge Ltd. v. Complete Genomics, Inc.*,
  No. 19-mc-80215, 2020 WL 820327 (N.D. Cal. Feb. 19, 2020) ............................................... 5

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ............................................................................................................ *passim*

*In re IPCom GMBH & Co.*,
  No. 14-mc-80037, 2014 WL 12772090 (N.D. Cal. Apr. 10, 2014) .......................................... 9

*Ishiyama v. Google LLC*,
  No. 22-mc-80192, 2022 WL 17970190 (N.D. Cal. Dec. 27, 2022) .......................................... 7

*In re Joint Stock Company Raiffeinsenbank*,
  No. 16-mc-80203, 2016 WL 6474224 (N.D. Cal. Nov. 2, 2016) ............................................. 7

*Khrapunov v. Prosyankin*,
  931 F.3d 922 (9th Cir. 2019) .................................................................................................... 5

*In re Kleimar N.V.*,
  220 F. Supp. 3d 517 (S.D.N.Y. 2016) .................................................................................... 13

*In re Med. Inc. Ass'n Takeuchi Dental Clinic*,
  No. 22-mc-80200, 2022 WL 10177653 (N.D. Cal. Oct. 17, 2022) ..................................... 5, 11

*Metallgesellschaft AG v. Hodapp*,
  121 F.3d 77 (2d Cir. 1997) ..................................................................................................... 12

*Minatec Finance S.A.R.L. v. SI Grp. Inc.*,
  No. 08-cv-269, 2008 WL 3884374 (N.D.N.Y. Aug. 18, 2008) .............................................. 10

*In re Qualcomm Inc.*,
  162 F. Supp. 3d 1029 (N.D. Cal. 2016) ........................................................................ 2, 7, 11

*In re Qualcomm Inc.*,
  No. 18-mc-80104, 2018 WL 3845882 (N.D. Cal. Aug. 13, 2018) ........................................... 9

*Rainsy v. Facebook, Inc.*,
  311 F. Supp. 3d 1101 (N.D. Cal. 2018) ................................................................................... 6

*In re Request for Int'l Judicial Assistance from the 16th Family Ct. of the Supreme
  Ct. of Justice of the Fed. Dist.*,
  No. 14-mc-80083, 2014 WL 1202545 (N.D. Cal. Mar. 19, 2014) ........................................... 2

*Schmitz v. Bernstein Liebhard & Lifshitz LLP*,
  376 F.3d 79 (2d Cir. 2004) .................................................................................................. 6, 9

*Siemens AG v. Western Digital Corp.*,
  No. 13-cv-01407, 2013 WL 5947973 (C.D. Cal. Nov. 4, 2013) .......................................... 8, 9

iii

*EX PARTE* MOTION AND APPLICATION
FOR DISCOVERY

*In re Veiga*,
  746 F. Supp. 2d 8 (D.D.C. 2010) .................................................................................. 6, 9, 10

**Statutes**

28 U.S.C. § 1331 .................................................................................................................... 2

28 U.S.C. § 1391 .................................................................................................................... 2

28 U.S.C. § 1782 ............................................................................................................. *passim*

**Other Authorities**

Federal Rules of Civil Procedure Rule 45 ............................................................................... 1

Local Civil Rule 7-2(c) ........................................................................................................... 13

Petitioner Centripetal Networks, LLC ("Centripetal") hereby applies for an order pursuant to 28 U.S.C. § 1782(a) authorizing it to serve subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure, upon Cisco Systems, Inc. ("Cisco"), compelling Cisco to produce documents and provide testimony for use in certain patent-infringement litigation currently pending in Germany, where Centripetal is otherwise unable to procure the discovery sought here.

## I.   INTRODUCTION

Centripetal seeks narrowly tailored discovery directly related to patent-infringement claims that it asserts against Cisco in Germany under the caption *Centripetal Networks, Inc. v. Cisco Systems, Inc. et al.*, I-2 U 38/21 (the "German Litigation"). Those claims are currently pending before the Higher Regional Court of Düsseldorf, Germany (the "Düsseldorf Appellate Court"). In particular, Centripetal seeks excerpts of source code relating to the Cisco products that Centripetal alleges infringe upon its patents, as well as limited deposition testimony authenticating and explaining those source code excerpts. *See* **Exhibits A** and **B**.

Section 1782(a) authorizes a district court to order parties within its district to produce evidence in support of foreign legal proceedings. The discovery sought here is directly relevant to disputed issues in the German Litigation, unquestionably in the possession of Cisco in the United States, and cannot be obtained through German discovery mechanisms. As detailed below, Centripetal's application satisfies Section 1782(a)'s statutory requirements, as well as the discretionary factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

## II.   THE PARTIES

Petitioner Centripetal Networks, LLC is a Delaware limited liability company with its principal place of business at 1875 Explorer Street, Suite 900, Reston, Virginia 20190.

Respondent Cisco Systems, Inc., is a Delaware corporation with its principal place of business at 300 East Tasman Drive, San Jose, California 95134.

### III. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1782. *See, e.g.*, *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1034 (N.D. Cal. 2016); *In re Request for Int'l Judicial Assistance from the 16th Family Ct. of the Supreme Ct. of Justice of the Fed. Dist.*, No. 14-mc-80083, 2014 WL 1202545, at *1 (N.D. Cal. Mar. 19, 2014).

This Court is the proper venue pursuant to 28 U.S.C. § 1391 because the respondent resides within this District. *See, e.g.*, *Edwards v. Alorica, Inc.*, No. 19-2124, 2020 WL 2303089, at *2 (C.D. Cal. Feb. 26, 2020) (venue proper where defendant maintains principal place of business); *Hanwa Am. Corp. v. Telling Indus., LLC*, No. 16-cv-01995, 2017 WL 3082222, at *5 (C.D. Cal. Jan. 23, 2017) (same).

### IV. BACKGROUND

#### A. Centripetal Networks

Centripetal is a global leader in network-security technologies. Its technologies analyze and prevent unwanted traffic from hitting an organization's network by extrapolating from threat intelligence feeds and applying advanced packet filtering at various points in the network. Centripetal was the first in the field to develop and invent such specialized networking technologies to operationalize threat intelligence from multiple sources—and to do so at the unprecedented scale and speed necessary to address the rapid growth in cyber threats. Centripetal holds over 40 patents and builds and sells software and devices for network security using its patented technologies.

#### B. Cisco Systems

Cisco is a multinational digital communications technology conglomerate whose product portfolio includes routers, switches, and firewalls, along with software associated with those products. Cisco is the parent company of Cisco Systems GmbH, the defendant in the German Litigation. *See* Declaration of Miriam Kiefer ("Kiefer Decl."), Ex. C-1 at 1.

#### C. The German Litigation

Centripetal is the registered owner of European Patent 2 944 065 (the "EP 065 Patent"), which claims priority through U.S. patent application US13/739,178, dated January 11, 2013, and

2

*EX PARTE* MOTION AND APPLICATION
FOR DISCOVERY

filed December 2, 2013. U.S. patent application US13/739,178 is related to U.S. Patent No. 9,203,806 (the "'806 Patent"). The European Patent Office granted the EP 065 Patent on February 20, 2019.

The EP 065 Patent is generally directed toward computer network devices, and more specifically, describes a method to enable network devices to quickly swap rules without affecting network traffic. Before the EP 065 Patent, network devices—such as switches, routers, and firewalls—would change or update rules while network traffic was being processed. But because such rules dictated how to process network traffic, the network device would simply drop all network traffic during a rule swap, which was highly inefficient and would require the sender to retransmit its information to the intended destination. The EP 065 Patent solved this problem by enabling a network device to swap rules while no traffic was being processed. As a result, there is no effect on network traffic during the changing or updating of rules.

On April 30, 2020, Centripetal filed a patent-infringement complaint against Cisco in the Regional Court of Dusseldorf, Germany. Kiefer Decl., Ex. C-1. Centripetal's complaint alleges that Cisco's routers, switches, firewalls, and cloud-management products infringe the EP 065 Patent. The trial court did not consider or evaluate the source code for Cisco's allegedly infringing products and ultimately held that those products did not infringe the EP 065 Patent. *See generally* Kiefer Decl., Ex. C-2. Centripetal has appealed that judgment, and its appeal is currently pending before the Düsseldorf Appellate Court.

Under German law, appellate courts review *de novo* both legal conclusions and factual findings. *See* Kiefer Decl. ¶ 44. German appellate courts are also permitted to consider evidence that was not presented to the trial court. *Id*. At a December 8, 2022, hearing, the Düsseldorf Appellate Court stated that more information about Cisco's allegedly infringing devices would assist its resolution of Centripetal's appeal. *Id*. ¶¶ 14-16. To that end, four days later, the Düsseldorf Appellate Court issued an order stating that it was considering appointing an independent expert, Mr. Nazim Söylemezoglu, to assist the court in determining disputed issues of fact in the appeal. Kiefer Decl., Ex. C-5.

On January 19, 2023, Centripetal filed a brief consenting to the court's appointment of Mr. Söylemezoglu. Kiefer Decl., Ex. C-6 at 1. Centripetal also noted that in separate, pending litigation between the parties involving the related '806 Patent (*Centripetal Networks, Inc. v. Cisco Systems, Inc.*, No. 2:18-cv-00094-MSD-LRL (E.D. Va.) (the "Virginia Litigation")), Cisco had produced to Centripetal source code relating to Cisco's allegedly infringing products, which was used to prove Cisco infringement of the '806 Patent. *Id.*; *see also generally Centripetal Networks, Inc. v. Cisco Systems, Inc.*, 492 F. Supp. 3d 495 (E.D. Va. 2020), *vacated and remanded on procedural grounds*, 38 F.4th 1025 (Fed. Cir. 2022). Centripetal further noted, however, that the source code is subject to a protective order in the Virginia Litigation that prohibits Centripetal's German counsel from accessing it or submitting it to the Düsseldorf Appellate Court. Kiefer Decl., Ex. C-6 at 1-2. Accordingly, Centripetal requested that Cisco provide the source code to Mr. Söylemezoglu, if the Düsseldorf Appellate Court decided to appoint him. *Id.* at 2.

Cisco filed a pair of briefs in which it opposed the Düsseldorf Appellate Court's appointment of an expert and any review of its source code in the German Litigation. Kiefer Decl., Exs. C-6, C-7. Cisco contended that Centripetal "had access to the source code in the USA [litigation] and can base its contestation on this knowledge." Kiefer Decl., Ex. C-8 at 2. But Cisco likewise acknowledged that the source code is subject to a protective order that strictly limits its use to the Virginia Litigation. Centripetal therefore wrote to Cisco, asking whether it would waive its objection to Centripetal accessing the source code or introducing it in connection with the German Litigation. Kiefer Decl., Ex. C-9 at 1. Cisco responded that it would not consent to amend the protective order in the Virginia Litigation to permit Centripetal to use the source code in the German Litigation. Kiefer Decl., Ex. C-10.

On March 9, 2023, over Cisco's opposition, the Düsseldorf Appellate Court appointed Mr. Söylemezoglu as an expert and ordered him to answer certain technical questions concerning the alleged infringement for the Court's benefit. Critically for purposes of this application, however, neither the Düsseldorf Appellate Court nor Mr. Söylemezoglu has the clear ability to compel Cisco to produce evidence, such as its source code, for consideration. Kiefer Decl. ¶¶ 31-

4

*EX PARTE* MOTION AND APPLICATION
FOR DISCOVERY

32, 35-36. In its March 9 order, the Court noted that "[a]t present" it was thus not ready to address what to do about Centripetal's request for Cisco's source code—but it likewise made clear that "the expert shall take into account all the relevant technical submissions of the parties." Kiefer Decl., Ex. C-11 at 5.

Accordingly, Centripetal now seeks excerpts of source code relevant to the allegedly infringing products at issue in the German Litigation, as well as deposition testimony from a Cisco representative to authenticate and explain that source code, in order to assist Mr. Söylemezoglu and the Düsseldorf Appellate Court.

## V.     ARGUMENT

### A.     Centripetal Satisfies Section 1782's Statutory Requirements

Section 1782(a) authorizes this Court, upon the application of an interested person, to order any person in the Northern District of California to give testimony and produce documents for use in a foreign proceeding.

To obtain discovery for use in foreign litigation, a petitioner must show that: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin,* 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)). Centripetal satisfies each of these requirements.

First, Cisco resides in this District because its principal place of business is located in San Jose, California. *See, e.g.*, *In re Med. Inc. Ass'n Takeuchi Dental Clinic*, No. 22-mc-80200, 2022 WL 10177653, at *2 (N.D. Cal. Oct. 17, 2022) (holding that, for purposes of Section 1782(a)'s "resides or is found" requirement, "business entities are 'found' where the business . . . has a principal place of business" ); *Illumina Cambridge Ltd. v. Complete Genomics*, *Inc.*, No. 19-mc-80215, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) ("A business entity is 'found' in the judicial district where it is incorporated or headquartered."); *see also Cisco Systems, Inc. v. Dexon Computer, Inc.*, No. 20-cv-04926, 2021 WL 5848080, at *1 (N.D. Cal. Dec. 9, 2021) ("Cisco

5

Systems, Inc. is a Delaware corporation with its principal place of business in San Jose, California.").

Second, Centripetal seeks the requested discovery "for use" in the patent-infringement action that is currently pending in the Düsseldorf Appellate Court. Because the German Litigation constitutes "a proceeding in a foreign . . . tribunal," and Centripetal intends to present the discovery to the Düsseldorf Appellate Court, this requirement is also satisfied. *See, e.g.*, *In re Veiga*, 746 F. Supp. 2d 8, 18 (D.D.C. 2010) ("[I]t is sufficient 'use' if the applicant will present the evidence sought to the foreign tribunal with a request that it be considered; the statute does not require the actual receipt of materials into evidence[.]" (quoting *In re Grupo Qumma, S.A. de C.V.*, No. 8-85, 2005 WL 937486, at *2 (S.D.N.Y. Apr. 22, 2005)).

Third, Centripetal qualifies as an "interested person" because it is the plaintiff in the German Litigation. *Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101, 1109 (N.D. Cal. 2018); *see also Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782[.]" (first alteration in original)).

### B. The Supreme Court's *Intel* Factors Favor Granting Centripetal's Application

Once a petitioner has satisfied Section 1782's three statutory requirements, the Court has discretion to order the requested discovery. *Intel*, 542 U.S. at 264. The "district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to U.S. courts." *Bitwallet Pte. Ltd. v. Meta Platforms*, No. 22-mc-80182, 2023 WL 1111505, at *1 (N.D. Cal. Jan. 30, 2023) (citing *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004)); *see also Cryolife, Inc. v. Tenaxis Med., Inc.*, No. 08-05124, 2009 WL 88348, at *3 (N.D. Cal. Jan. 13, 2009). This Court should exercise its discretion and permit Centripetal to obtain the discovery that it requests.

The Supreme Court has articulated four factors for lower courts to consider in exercising discretion under Section 1782: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the

6

*EX PARTE* MOTION AND APPLICATION
FOR DISCOVERY

proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *Intel,* 542 U.S. at 264-65.

Here, the four *Intel* factors weigh in favor of granting Centripetal's application.

### 1. The Düsseldorf Appellate Court Cannot Order Cisco To Produce The Requested Discovery

The first *Intel* factor considers whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If the respondent is a party to the foreign litigation, "the need for § 1782(a) aid *generally* is not as apparent," because, in many circumstances, the "foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* (emphasis added).

Cisco is a party to the German Litigation. However, as courts in this district have repeatedly held, "the relevant inquiry" is *not* simply whether the respondent is a party to the foreign litigation, but "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence." *Ishiyama v. Google LLC*, No. 22-mc-80192, 2022 WL 17970190, at *2 (N.D. Cal. Dec. 27, 2022) (quoting *Qualcomm*, 162 F. Supp. 3d at 1039); *In re Bureau Veritas*, No. 22-mc-80132, 2022 WL 3563773, at *4 (N.D. Cal. Aug. 17, 2022) (noting that "[t]he relevant inquiry" under the first *Intel* factor is "whether the evidence is available to the foreign proceeding or tribunal"); *In re Joint Stock Company Raiffeinsenbank*, No. 16-mc-80203, 2016 WL 6474224, at *4 (N.D. Cal. Nov. 2, 2016) ("Although the case law at times refers to whether the 'person' is within the foreign tribunal's jurisdictional reach, the key issue is whether the material is obtainable through the foreign proceedings." (quotation marks omitted)).

Here, Cisco cannot be made to produce its source code in the German Litigation. For one thing, pre-trial discovery under German law is extremely limited and requires the requesting party to identify with particularity the information it seeks. Kiefer Decl. ¶ 30. While Centripetal expects that Cisco's source code will substantiate its infringement claims in the German Litigation, it is

7

*EX PARTE* MOTION AND APPLICATION FOR DISCOVERY

unable to request that source code with the degree of specificity required by German law. *Id.* ¶ 34. And even if it could, German law provides no mechanism to enforce a court's discovery order, even as against parties. *Id.* ¶ 31.  Moreover, the jurisdictional reach of German courts is limited, and there is no clear authority that permits a German court to compel a foreign entity, like Cisco, to produce discovery of material that may presently be located outside of Germany. *Id.* ¶ 32.  Finally, while German courts sometimes appoint independent experts to assist in the resolution of complex cases—as the Düsseldorf Appellate Court has done here—such experts likewise have no authority under German law to compel the production of any documents or testimony, including from parties. *Id.* ¶ 36.

Accordingly, although Cisco is a party to the German Litigation, this factor is "neutral" because Centripetal cannot obtain the requested discovery in Germany. *See, e.g.*, *Siemens AG v. Western Digital Corp.*, No. 13-cv-01407, 2013 WL 5947973, at *2 (C.D. Cal. Nov. 4, 2013) (first *Intel* factor "neutral" where respondent was a party to German litigation and petitioner introduced evidence that German court could not compel requested discovery); *Cryolife*, 2009 WL 88348 at *2 (same).

### 2. Centripetal Seeks Highly Relevant Information That Will Assist The Düsseldorf Appellate Court

The second *Intel* factor considers the nature of the foreign tribunal and its receptiveness to the requested discovery. *Intel*, 542 U.S. at 264-65.

The Düsseldorf Appellate Court stated during its December 8, 2022, hearing that it desired additional information regarding Cisco's allegedly infringing devices. Kiefer Decl. ¶¶ 14-16.  To assist in its inquiry, the Düsseldorf Appellate Court appointed an independent expert, Mr. Söylemezoglu.  Kiefer Decl. ¶¶ 20-21 & Ex. C-11.  The source code would assist that expert and, thus, the Düsseldorf Appellate Court, in deciding the appeal—just as it previously assisted the U.S. district court in the Virginia Litigation regarding Centripetal's related '806 Patent. *See generally Centripetal Networks*, 492 F. Supp. 3d 495.[1]

---

[1] In the Virginia Litigation, Centripetal presented evidence regarding the infringing Cisco products' source code.  The district court found that Cisco's products infringed the '806 Patent. *See Centripetal Networks*, 492 F. Supp. 3d at 567-74.

To prevail on this factor, Cisco would need to present "'authoritative proof' that the foreign tribunal would reject the evidence sought." *In re Barnwell Enters. Ltd.*, 265 F. Supp. 3d 1, 10-11 (D.D.C. 2017) (quoting *Veiga*, 746 F. Supp. 2d at 23-24); *see also Siemens*, 2013 WL 5947973, at *3. That standard is demanding and generally requires a clear statement of opposition from the foreign court; "equivocal interpretations of foreign policy or law" are insufficient. *Barnwell*, 265 F. Supp. 3d at 10-11 (quoting *In re Gemeinshcaftspraxis Dr. Med. Schottdorf*, No. 19-88, 2006 WL 3844464, at *6 (S.D.N.Y. Dec. 29, 2006)).

Here, there is no indication—much less "authoritative proof," *Barnwell*, 265 F. Supp. 3d at 10-11 (quoting *Veiga*, 746 F. Supp. 2d at 23-24)—that the Düsseldorf Appellate Court would reject the requested discovery in the German Litigation. Indeed, the Düsseldorf Appellate Court has already accepted and considered other evidence obtained by the parties in the Virginia Litigation. Kiefer Decl. ¶ 46. Moreover, in other litigation, German courts have been receptive to evidence, including source code, obtained through Section 1782 proceedings in this district. *See, e.g.*, *In re Qualcomm Inc.*, No. 18-mc-80104, 2018 WL 3845882, at *7 (N.D. Cal. Aug. 13, 2018) (authorizing petitioner to serve respondent with subpoena seeking source code for respondent's products); *In re IPCom GMBH & Co.*, No. 14-mc-80037, 2014 WL 12772090, at *3 (N.D. Cal. Apr. 10, 2014) ("U.S. courts have routinely granted applications under Section 1782 for discovery of evidence to be used in German proceedings.").[2]

This factor therefore favors discovery. *See, e.g.*, *Qualcomm*, 2018 WL 3845882, at *4 (second factor supported authorizing subpoena for source code, given the "absence of evidence that the [German] tribunals object to this particular information or . . . object more generally to the judicial assistance of U.S. federal courts"); *Barnwell*, 265 F. Supp. 3d at 11 (second factor supported granting application where there was no "'clear and unequivocal indication that the

---

[2] The facts here are a far cry from cases in which courts have resolved this factor against discovery. *See, e.g.*, *Schmitz*, 376 F.3d at 84 (affirming denial of discovery where German prosecutor and the German Ministry of Justice made "specific requests" to deny § 1782 application); *Advanced Micro Devices, Inc. v. Intel Corp.*, No. 01-7033, 2004 WL 2282320, at *2 (N.D. Cal. Oct. 4, 2004) (denying § 1782 application after European Commission stated that it did "not need or want" discovery and that granting application would jeopardize "vital Commission interests").

9

*EX PARTE* MOTION AND APPLICATION
FOR DISCOVERY

foreign tribunal would not be receptive to the evidence sought' here" (quoting *Veiga*, 746 F. Supp. 2d at 24)).

### 3. German Law Does Not Bar Centripetal's Requested Discovery

The third *Intel* factor considers whether the request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Bitwallet*, 2023 WL 1111505, at *3 (quoting *Intel*, 542 U.S. at 265).

German procedures and policies do not impose any specific proof-gathering restrictions relevant to the discovery sought here. Kiefer Decl. ¶¶ 40-41. German procedure permits a party to submit any lawfully obtained evidence—including evidence obtained through a Section 1782 application—in a pending proceeding, including in appeals before the Düsseldorf Appellate Court. *Id*. The requested discovery is directly relevant to the German Litigation, and Centripetal is seeking it in a good-faith effort to assist the Düsseldorf Appellate Court in determining whether Cisco infringed the EP 065 Patent.

To be sure, Germany, like "[m]ost civil-law systems[,] lack[s] procedures analogous to the pretrial discovery regime operat[ed] under the Federal Rules of Civil Procedure." *Intel*, 542 U.S. at 261 n.12. But that fact alone does not prohibit the discovery sought here because "section 1782 does not require that the material sought in the United States be discoverable—or even admissible—in the foreign tribunals." *Barnwell*, 265 F. Supp. 3d at 11; *see also Intel*, 542 U.S. at 253 ("We now hold that § 1782(a) does not impose [a foreign-discoverability] requirement."); *Cryolife*, 2009 WL 88348, at *4 ("[T]here is no requirement under § 1782 that the requested information would be discoverable under German law, and the mere fact that the discovery is unavailable under foreign law is not a basis for denying its application." (internal quotation marks omitted)). Nor does Section 1782 require that the petitioner have exhausted other options to obtain the discovery in the foreign tribunal. *See Minatec Finance S.A.R.L. v. SI Grp. Inc.*, No. 08-cv-269 (LEK/RFT), 2008 WL 3884374, at *8 (N.D.N.Y. Aug. 18, 2008). In any event, even if there were such an exhaustion requirement, Centripetal has already requested that Cisco authorize use of its

10
*EX PARTE* MOTION AND APPLICATION FOR DISCOVERY

source code in the German Litigation, and Cisco has refused.  Kiefer Decl. ¶¶ 49-51 & Exs. C-9, C-10.

For this factor to weigh against discovery, the respondent must provide proof of a specific discovery restriction in the foreign tribunal that the petitioner's request seeks to circumvent.  *See, e.g.*, *Qualcomm*, 162 F. Supp. 3d at 1042; *In re Escallón*, 323 F. Supp. 3d 552, 560 (S.D.N.Y. 2018).  There is no such specific discovery restriction in the German courts.  And even the Düsseldorf Appellate Court's March 9, 2023, order—which stated the court did not see a reason "[a]t present" to consider how Centripetal might obtain Cisco's source code—did not foreclose Centripetal from filing an application such as this one.  To the contrary, the order made clear that the court's appointed expert "shall take into account all the relevant technical submissions of the parties"—which would include Cisco's source code, should Centripetal be able to obtain it here. Kiefer Decl., Ex. C-11 at 5.

Accordingly, this third factor also favors discovery.  *See, e.g.*, *Takeuchi Dental Clinic*, 2022 WL 10177653, at *3 (third factor supports discovery absent proof of "restrictions imposed by or any policies under [foreign forum's] law limiting U.S. federal court judicial assistance"); *In re Apple Retail UK Ltd.*, No. 20-mc-80109, 2020 WL 3833392, at *4 (N.D. Cal. July 8, 2020) (same).

### 4. Centripetal's Requested Discovery Is Narrowly Tailored And Does Not Impose An Undue Burden On Cisco

The fourth and final *Intel* factor asks whether the requested discovery is "unduly intrusive or burdensome."  *Bitwallet*, 2023 WL 1111505, at *3 (quoting *Intel*, 542 U.S. at 265).  As with ordinary discovery requests, the reasonableness of a Section 1782 request depends on the circumstances of the litigation.  *See, e.g.*, *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 598-99 (7th Cir. 2011) ("broad discovery demand" seeking 15 years of records under Section 1782 was "prima facie reasonable[]" in a "complex case").

Here, Centripetal's proposed subpoenas are narrowly tailored to seek limited information directly relevant to the patent-infringement claims in the German Litigation.  Exs. A, B; Kiefer Decl. ¶¶ 23-24.  The document requests seek source code relating to switches and routers manufactured by Cisco, as well as source code related to Cisco firewalls.  The deposition subpoena

11

requests limited testimony regarding the source code and how it works. The proposed subpoenas seek only highly relevant information that should not be unduly burdensome for Cisco to produce.

Indeed, as Cisco acknowledged in its briefing to the Düsseldorf Appellate Court, the excerpts of source code Centripetal seeks to introduce in the German Litigation overlap with the source code Cisco previously produced in the Virginia Litigation. Kiefer Decl. ¶ 50 & Ex. C-8 ¶ 4. Because Cisco identified and produced these source code excerpts to Centripetal within the last five years, it should not be unduly burdensome for it to do so again now. The fourth *Intel* factor weighs in favor of the requested discovery.[3]

### C. The Proposed Protective Order Resolves Any Confidentiality Concerns Regarding Cisco's Source Code

To the extent that Cisco has any confidentiality concerns regarding production of the requested source code and deposition testimony, such concerns should not prevent this Court from granting Centripetal's application.

First, this Court may enter a protective order that will govern any information that is properly designated as confidential. Centripetal has filed a motion for a protective order and proposed protective order in connection with this Application. The proposed protective order restricts the use of the requested material to the pending German Litigation. It also restricts who may view any source code produced in connection with this Application to: (i) Centripetal's outside counsel, (ii) this Court, the Regional Court of Düsseldorf, and the Higher Regional Court of Düsseldorf and their staff, and (iii) any experts appointed by the Düsseldorf courts in connection with the German Litigation. In addition, the proposed protective order requires that anyone who is given access to the source code return any copies of or notes related to the source code to Cisco within 120 days after the German Litigation has concluded. The protections afforded by the proposed protective order are sufficient to safeguard sensitive information produced in connection with this Application, including the source code.

---

[3] In any event, denial of a Section 1782 application based on this factor is generally inappropriate. If the district court concludes that the discovery request is overbroad or otherwise unreasonable, it should issue a "closely tailored discovery order rather than . . . simply denying relief outright." *Metallgesellschaft AG v. Hodapp*, 121 F.3d 77, 80 (2d Cir. 1997) (quotation marks omitted).

12

*EX PARTE* MOTION AND APPLICATION FOR DISCOVERY

Second, the German Litigation does not itself pose a risk to the confidentiality of Cisco's source code. Parties to proceedings in German courts are able to request that a court keep materials constituting trade secrets completely and permanently confidential, even after proceedings have ended. Kiefer Decl. ¶ 54. All so-designated materials are exempt from file access by third parties. *Id*. And while German court proceedings are open to the public, German courts will exclude the public from any portion of an oral hearing that discusses an important business or trade secret. *Id.* ¶ 53.

Any confidentiality concerns regarding production of the source code therefore do not provide a basis for denying Centripetal's Section 1782 application. *See, e.g., In re Kleimar N.V.*, 220 F. Supp. 3d 517, 522 (S.D.N.Y. 2016) (holding, in § 1782(a) case, that concerns that "can be addressed by a protective order . . . are not severe enough to warrant quashing the subpoena").

## VI.   **PRAYER FOR RELIEF**

For the reasons stated above, Centripetal respectfully requests that the Court grant this application and issue an order pursuant to 28 U.S.C. § 1782(a) authorizing Centripetal to serve subpoenas, in a form substantially similar to those appended as **Exhibit A** and **Exhibit B**. Pursuant to Local Civil Rule 7-2(c), a proposed order granting the requested relief is filed herewith.

To ensure that Centripetal is able to obtain the requested discovery in sufficient time to be of use in the pending German Litigation, Centripetal respectfully requests that the Court:

 a. authorize the issuance of the proposed subpoenas at the earliest possible date;
 b. enter a proposed protective order, which will be filed by separate motion;
 c. after providing Cisco an opportunity to state objections to the subpoenas, if any, enter an order compelling Cisco to provide the requested discovery; and
 d. grant such other and further relief to Centripetal as may be just and equitable.

13

*EX PARTE* MOTION AND APPLICATION
FOR DISCOVERY

|   |   |
|---|---|
| Dated: March 22, 2023 | By: */s/ Kristopher Kastens*<br>Kristopher Kastens (SBN 254797)<br>KRAMER LEVIN NAFTALIS<br> & FRANKEL LLP<br>333 Twin Dolphin Dr., Ste 700<br>Redwood Shores, CA 94065<br>Tel.: (650) 752-1700<br>Fax: (650) 752-1800<br>kkastens@kramerlevin.com<br><br>Attorneys for Petitioner<br>Centripetal Networks, LLC |