UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In the Matter of the Application of CENTRIPETAL NETWORKS, LLC, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for Use in Foreign Proceedings, Pursuant to the Federal Rules of Civil Procedure, from Respondent Cisco Systems, Inc. | Case No. 23-mc-80086-VKD<br><br>**ORDER RE PENDING MOTIONS** |

On March 22, 2023, petitioner Centripetal Networks, LLC ("Centripetal") filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing service of subpoenas for discovery on respondent Cisco Systems, Inc. ("Cisco"). Dkt. No. 1. Centripetal concurrently filed a motion for protective order and noticed it for an April 26, 2023 hearing. Dkt. No. 3. Centripetal and Cisco have both consented to proceed before a magistrate judge. *See* Dkt. Nos. 8, 11; *see also* 28 U.S.C. § 636(c)(1); *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 808 (9th Cir. 2022); *Williams v. King*, 875 F.3d 500 (9th Cir. 2017).

The Court understands that the parties have inquired about the Court's procedures for resolving the pending motions. Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis. *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D.

Cal. Mar. 24, 2016).

Accordingly, no response to the pending motions is required at this time. The Court will, in the first instance, review Centripetal's pending § 1782 application and associated motion for protective order on an *ex parte* basis to determine what, if any, discovery Centripetal may be permitted to request of Cisco. If the Court grants Centripetal's request to serve subpoenas, in whole or in part, the Court's order will give Cisco an opportunity to file a noticed motion to quash the subpoenas and/or respond to Centripetal's motion for protective order. In the meantime, Centripetal's noticed April 26, 2023 hearing is vacated.

**IT IS SO ORDERED.**

Dated: April 11, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge